ONGAY GARAGE & RADIO CO., INC., Plaintiff and Appellant, *v.* CELESTINO IRIARTE ET AL., Defendants and Appellees.

No. 332. Decided March 2, 1962.

*Guillermo Bauzá* for appellant. *Héctor González Blanes* and *Sifre & Ruiz Suria* for appellees.

Division composed of Mr. Justice Hernández Matos, as Accidental Chief Judge of Division, Mr. Justice Santana Becerra and Mr. Justice Blanco Lugo.

PER CURIAM.

This action has been in litigation since May 5, 1942, date when the complaint was filed. Defendants-appellees furnished bonds to secure the effectiveness of the judgment in an

action which ultimately did not prosper—*Pereles* v. *Ongay Garage & Radio Co., Inc.*, 60 P.R.R. 7—and in which appellant's property was attached. On August 17, 1955, the San Juan Part of the Superior Court rendered judgment dismissing the complaint of this case under the legal doctrine that appellant had not mitigated or avoided the damages which, the attachment caused it upon its failure to furnish bond for the release thereof or upon its failure to take any other steps. On May 27, 1959 we reversed said judgment (appeal No. 11830) and remanded the case for further proceedings and provided that the total amount of the damages be determined.

As a result of the afore-mentioned facts, on April 25, 1960 the trial court rendered judgment ordering appellees to pay appellant the amount of $5,000 by way of damages. In view of the conclusions of the trial court which we shall presently copy, and considering our former *order*, we agreed to review the judgment.

The trial court stated thus:

"Although the original writ of attachment required a bond for $10,000, the truth is that plaintiff furnished, in case No. 32004, two bonds for $5,000 each. One of them was filed; the other one was attached to the record. (Trans. of Rec. p. 23.) Both bonds are identical, signed by the same sureties, with the exception that in one of them the plaintiff is Iris María Pereles Pagán, and in the other, Ana Pagán widow of Pereles. In order to interpret the scope of these bonds it is significant to point out that both were signed by the sureties long before the complaint was filed and the writ of attachment containing the amount of the bond was issued. The motion for the nullity of the attachment presented by the plaintiff corporation indicated that the attachment and the bond were for $5,000. (Trans. of Rec. p. 22.)

"There is no doubt from the admissions of the parties and the evidence introduced, that an attachment was executed on

plaintiff's property and that the same was annulled. The suit within which said attachment was executed was conclusively decided in favor of Ongay Garage & Radio Co., Inc.

"From the evidence presented at the trial it appears that the attachment caused damages to the plaintiff corporation in this case in excess of the amount of $5,000, even upon considering the evidence in the light most favorable to defendants. The profits which the plaintiff company failed to obtain, and the articles and goods it lost as a result of the attachment, amount to more than $5,000.

### "CONCLUSIONS OF LAW

"Securities must be interpreted restrictively.

"Taking into consideration the bonds, the manner, and the time in which they were made, and subsequent incidents that followed within this action, we reach the conclusion that the original defendants, Messrs. Iriarte and Juliá, are only liable up to $5,000. See the statement of the Judge to the effect that the error that the bond should have been for $10,000 and not for $5,000 had not been cured. (Trans. of Rec. p. 31). Although the attachment was annulled for defects in the presentation and drafting of the bonds, just as in the procedure thereof, defendants are estopped from alleging the nullity of those bonds to avoid responsibility for the obligation which they willingly undertook. The bonds being only for $5,000, although the damages caused were greater than that amount, the sureties can only be required to pay the total amount of $5,000."

From the beginning appellees affirmatively raised by way of defense, before the trial court and before this Court in Case No. 11,839, the nullity of the bonds and that the obligations assumed by virtue thereof were not enforceable at law. This contention was decided against appellees upon the reversal of the judgment in the afore-mentioned proceeding. When further proceedings were ordered, that was the law of the case for the parties.[1]

---

[1] Against the judgment now under review, appellees filed a separate petition for review No. 339 in which they again raised the issue of the nullity of the bonds. We refused to issue the writ of review.

■ As shown from the record, on June 15, 1939 the former District Court of San Juan decreed an order to secure the effectiveness of the judgment in that action by attaching appellant's property upon the posting of bond by plaintiff for the amount of $10,000. For reasons which do not appear from the record, two bonds were furnished each for $5,000 instead of one for $10,000, both in favor of appellant, signed by appellees as sureties and by Ana Pagán as principal. The sole difference between those two bonds is that in the first recital of the bond, reference is made to plaintiff Iris María Pereles Pagán, and in the other one, to plaintiff Ana Pagán widow of Pereles. The fact was unimportant because in the action in which the attachment was decreed, there was only one plaintiff, the minor Iris María Pereles, who appeared represented by her mother Ana Pagán. The latter claimed nothing in her own right. Both bonds received the approval of the District Judge who ordered the attachment and at no time was the writ of attachment modified to reduce the amount from $10,000 to $5,000.

■ In the afore-mentioned circumstances the trial court erred in considering only one of the two bonds as enforceable. In view of its conclusion that the evidence showed the existence of damages to appellant for an amount exceeding $5,000, the judgment shall be reversed and the case remanded once more so that it may fix the amount of the proven damages over $5,000 and to render judgment against appellees but said judgment shall not exceed in its principal obligation *ex contractu*, it is only binding up to the amount the sum of $10,000 since the case of the sureties, it being an for which the appellees undertook said obligation with the remaining legal pronouncements.